**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MEXALLOYS, S.A. de C.V., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SOUTHWESTERN MOTOR § <br> TRANSPORT, INC., § <br> § <br> Defendant. § | Case No.: 5:20-cv-120 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff MEXALLOYS, S.A. de C.V. ("Mexalloys") and files this Original Complaint against Defendant Southwestern Motor Transport, Inc. ("SMTL"), and would respectfully show the Court as follows:

**I.
THE PARTIES**

1. Plaintiff Mexalloys, S.A. de C.V. is a corporation organized and operating under the laws of Mexico.

2. Defendant Southwestern Motor Transport, Inc. is a Texas corporation organized and operating pursuant to the laws of the State of Texas. Defendant may be served through its registered agent, Dennis C. Beierle, at 4600 Goldfield, San Antonio, Texas 78218, or wherever he may be found.

**II.
JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the federal law claims pursuant to the Carmack Amendment, 49 U.S.C. § 14706, pursuant to the provisions of 28 U.S.C. § 1331.

1164062.1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because defendant resides in this judicial district.

### III.
### FACTUAL BACKGROUND

5. On or about October 31, 2018, Mexalloys requested a quote from SMTL on shipping 11,087.13 lbs of Tungsten (the "Cargo") from Laredo, Texas to Titan International, Inc. ("Titan") in Pottstown, Pennsylvania.

6. Titan had agreed to purchase the Cargo from Mexalloys for $108,420.00. Rachel Canales provided Mexalloys a quote of $2,102.22 for shipment of the Cargo.

7. The quote provided by SMTL did not provide Mexalloys with a reasonable opportunity to choose between rates for two or more levels of liability. (Exhibit A, the Quote).

8. Additionally, the Quote provided by SMTL did not give Mexalloys adequate notice of SMTL's limitation of liability. The Quote does not adequately refer to SMTL's tariff.

9. On or about November 1, 2018, Mexalloys sent payment of $2,109.22 for the shipment and SMTL took possession of the Cargo on the same day.

10. On November 1, 2018, SMTL signed and issued a Bill of Lading, which, again, did not provide Mexalloys with a reasonable opportunity to choose between rates for two or more levels of liability based on the value of the Cargo being shipped.

11. In fact, the Bill of Lading states that SMTL's liability "***shall be*** limited to not exceed $0.50 per pound" for "used commodities." Therefore, the Quote actually prevents Mexalloys from choosing between rates for two or more levels of liability and does not give Mexalloys a reasonable opportunity to choose between rates for two or more levels of liability based on the value of the Cargo being shipped.

12. By November 15, 2018, it was clear that the Cargo had been completely lost.

13. By November 20, 2018, the Cargo remained lost. In fact, the Cargo remains completely lost.

14. Therefore, on November 21, 2018, Mexalloys submitted its "Standard Form for Presentation of Loss and Damaged Claim" as required by SMTL. On November 28, 2018, SMTL acknowledged receipt of the claim.

15. On or about March 6, 2019, SMTL notified Mexalloys that payment in the amount of $7,645.22 would be made by SMTL to Mexalloys based on SMTL's claim that the Bill of Lading and SMTL's Tariff's, SMTL's liability is limited to $0.50 per pound when the shipped commodity is "used."

16. SMTL's attempt to limit liability is unenforceable and does not meet the requirements of the Carmack Amendment.

17. The Carmack Amendment obligates SMTL to pay for the actual loss suffered by Mexalloys without requiring Mexalloys to prove that SMTL was negligent.

18. SMTL is strictly liable for the actual loss suffered by Mexalloys due to SMTL's loss of the shipment.

19. The Carmack Amendment only allows SMTL to limit its liability if certain requirements are met and SMTL proves that such requirements were met.

20. In order for SMTL to limit its liability, SMTL must prove that: (1) the limitation of liability was the result of a fair, open, just and reasonable agreement between carrier and shipper entered into by the shipper for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of risk; and (2) the shipper was given the option of higher recovery upon paying a higher rate.

21. Here, the Quote provided by SMTL did not provide the opportunity for MexAlloys

to choose between different levels of coverage based on the value of the cargo.

22. The Quote and the subsequent Bill of Lading make reference to potential liability limitations but do not allow MexAlloys to pay a higher rate for the shipment in exchange for higher liability limitation.

23. Therefore, pursuant to the Carmack Amendment, SMTL is liable to Mexalloys for the actual loss suffered by Mexalloys, without any showing of negligence.

24. Mexalloys' actual loss is determined by the amount that Mexalloys would have received from Titan had the Cargo arrived in Pennsylvania, $74,235.17, plus the interest that Mexalloys has incurred in carrying the debt it used to purchase the Cargo, which currently totals $29,867.36.

25. Therefore, Mexalloys' actual damages total $104,102.53.

26. A claimant is entitled to recover prejudgment interest and interest on the damages award.  *See La. & Ark. Ry. Co. v. Exp. Drum Co.*, 359 F.2d 311, 317 (5th Cir.1966).

## IV.
## CAUSES OF ACTION

### COUNT ONE:
### CARMACK CLAIM UNDER 49 U.S.C. § 14706

27. Plaintiff re-alleges and incorporates by reference each of the allegations asserted in paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff provided goods to SMTL for SMTL to ship.

29. Plaintiff provided the goods to SMTL in good condition.

30. SMTL failed to deliver the goods at all and lost the goods.

31. As a result of SMTL's actions, Plaintiff has been damaged in the amount of $104,102.53 due to SMTL's loss of the goods.

32. SMTL did not legally or effectively limit its liability because SMTL cannot establish that the limitation of liability was the result of a fair, open, just and reasonable agreement between carrier and shipper entered into by the shipper for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of risk.

33. SMTL did not legally or effectively limit its liability because SMTL cannot establish the shipper was given the option of higher recovery upon paying a higher rate.

## V.
## DAMAGES

34. As a result of the foregoing wrongful conduct of Defendant, Plaintiff seeks to recover its actual damages, of at least $104,102.53 and pre-judgment and post-judgment interest as allowed by law, and costs of court.

## VI.
## CONDITIONS PRECEDENT

35. All conditions, covenants, and obligations—whether precedent or otherwise—have all occurred, been performed, or been satisfied.

36. Plaintiff has timely and properly presented its claims to Defendant, but notwithstanding the passage of significant and requisite time, Defendant has failed and refused to acknowledge and admit the justness of Plaintiff's claim.

Accordingly, Plaintiff respectfully requests that judgment be granted in its favor in connection with the claims made the subject of this Petition, that Plaintiff be granted recovery in the amount of its damages as set forth herein, pre- and post-judgment interest at the legal rate, and court costs, and that Plaintiff have such other and further relief to which it may be justly entitled.

Respectfully submitted,

**SCOTTHULSE, P.C.**
One San Jacinto Plaza
201 E. Main Drive
El Paso, Texas  79901
(915) 533-2493
(915) 546-8333 Telecopier

By: /s/ James M. Feuille
    **JAMES M. FEUILLE**
    State Bar No. 24082989
    jfeu@scotthulse.com
    Attorneys for Plaintiff